In the Matter of the Petition of THOMAS H. SNEDEKER, Respondent, *v.* ADA MAY SNEDEKER, as Administratrix of CHARLES SNEDEKER, Deceased, Appellant.

DISTRIBUTION OF DAMAGES RECOVERED IN ACTION FOR CAUSING DEATH BY NEGLIGENCE — CODE OF CIVIL PROCEDURE, §§ 1902 ET SEQ. The provisions of the Code of Civil Procedure (§§ 1902 *et seq.*) authorizing the maintenance of an action where a decedent's death was caused by a wrongful act, neglect or default and providing for the distribution of the damages recovered, were intended by the legislature to create a new cause of action for the benefit, as a class, of the husband or wife and next of kin, and when the class consists of the widow and the father only, the latter is, under section 2732, subdivision 7, entitled to share equally

with the widow in a judgment which she has recovered for her husband's death by negligence, proper deduction being made for the expenses of her action and her commissions upon the recovery as his administratrix.
    *Matter of Snedeker* v. *Snedeker*, 47 App. Div. 471, affirmed.

    (Argued June 6, 1900; decided October 2, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, made January 23, 1900, affirming an order of the Surrogate's Court of Kings county directing the payment to the petitioner, as next of kin, of his distributive share of a judgment recoverable by the administratrix herein, under section 1902 of the Code of Civil Procedure.

    The facts, so far as material, are stated in the opinion.

    *Charles M. Stafford* for appellant.   The cause of action under which the judgment was recovered is purely statutory and the intention of the legislature must govern the disposition of the proceeds. (*Mundt* v. *Glokner*, 24 App. Div. 111.)   The intention of the statute is to afford compensation, and only compensation, to those relatives of the decedent who have suffered actual money loss by reason of his death.   (Code Civ. Pro. § 1904; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 N. Y. 314; *Tilley* v. *H. R. R. R. Co.*, 24 N. Y. 471.)   The statute must be construed so as to carry out the intention, as evidenced by the entire statute, taken together.   Any provision in conflict with the intention thus manifested must give way to such intention.   The intention of the statute in question, so manifested, is, in a case like the present, to provide a recovery, first, for the benefit of a surviving wife, and if there be none, then to the next of kin who have suffered pecuniary loss.   (*City of Rochester* v. *Coe*, 25 App. Div. 300; *People* v. *McGloin*, 91 N. Y. 241; *Matter of N. Y. & B. Bridge*, 72 N. Y. 527; *People ex rel.* v. *Potter*, 47 N. Y. 375; *People ex rel.* v. *Hyde*, 89 N. Y. 11; *People ex rel.* v. *McClave*, 99 N. Y. 83; *People ex rel.* v. *Butler*, 147 N. Y. 164; *Hegerich* v. *Keddie*, 99 N. Y. 258; *Smith* v. *People*, 47 N. Y. 330; *De Camp* v. *Thompson*, 16 App. Div. 528.)   The statute

never intended to place next of kin in the same position as to sharing in the damages recovered as the widow of the deceased deprived by his death of her only means of support. (*Stuber* v. *McEntee*, 142 N. Y. 203 ; *Mundt* v. *Glokner*, 160 N. Y. 575.)

*A. T. Payne* for respondent. The claim that the widow is entitled to the whole fund is a challenge to the provisions of section 1903 of the Code of Civil Procedure and cannot be maintained. (*Birkett* v. *K. I. Co.*, 110 N. Y. 508 ; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 N. Y. 316 ; *Whitford* v. *P. R. R. Co.*, 23 N. Y. 468 ; *Tilly* v. *H. R. R. R. Co.*, 24 N. Y. 474 ; *Murphy* v. *N. Y. C. & H. R. R. R. Co.*, 88 N. Y. 445 ; *Meyer* v. *Hart*, 23 App. Div. 131 ; *Johnson* v. *L. I. R. R. Co.*, 80 Hun, 306 ; *Hegerich* v. *Keddie*, 99 N. Y. 267 ; *Stuber* v. *McEntee*, 142 N. Y. 203 ; *Lipp* v. *Otis Bros. & Co.*, 161 N. Y. 562.)

Bartlett, J. The appellant in this proceeding brought an action under section 1902 of the Code of Civil Procedure against one George Malcolm to recover damages for the death of her husband, Charles Snedeker, caused by the negligent act of the defendant; she recovered a judgment, entered upon the verdict of a jury for $5,000.00, aggregating $5,771.95, damages and costs.

The deceased left no children.

The father of the deceased, Thomas H. Snedeker, instituted this proceeding in the Surrogate's Court of Kings county by petition to compel the widow, as administratrix, to render an account of her proceedings in respect to said judgment and pay over to him the distributive share thereof to which he claimed to be entitled.

After hearing the parties, an order was entered in the Surrogate's Court granting the prayer of the petition, directing an accounting and a deduction of the expenses of the action in which the judgment was recovered, together with the commissions of the administratrix.

The Appellate Division affirmed the order and appeal was taken to this court. The widow claims that the action in which the judgment was recovered is statutory and unknown to the common law, the recovery no part of decedent's estate, and she is entitled to the entire amount realized. The father of the deceased insists that as his son left no children he is entitled to share with the widow the net proceeds of the judgment.

The adjustment of these conflicting claims depends on the construction to be given the sections of the Code of Civil Procedure governing the action instituted by the administratrix.

Section 1902 allows the action to be brought by " the executor or administrator of a decedent, who has left, him or her surviving, a husband, wife, or next of kin."

Section 1903 reads as follows : " The damages recovered in an action, brought as provided in the last section, are exclusively for the benefit of the decedent's husband, or wife, and next of kin ; and when they are collected, they must be distributed by the plaintiff, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration. But the plaintiff may deduct therefrom the expenses of the action, and his commissions upon the residue ; which must be allowed by the surrogate, upon notice, given in such a manner and to such persons, as the surrogate deems proper."

Section 1904 provides, in part, that " the damages awarded to the plaintiff may be such a sum as the jury * * *, the court or the referee, deems to be a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought."

Section 1905 provides : " The term ' next of kin ' as used in the foregoing sections, has the meaning specified in section 1870 of this act."

Section 1870 reads : " The term ' next of kin ' as used in this title, includes all those entitled, under the provisions of law relating to the distribution of personal property, to share

in the unbequeathed assets of a decedent, after payment of debts and expenses, other than a surviving husband or wife."

The provisions of law relating to the distribution of personal property as applicable to this case are found in section 2732 of the Code of Civil Procedure, subdivision 7. This subdivision, where there are no children, divides the surplus between the widow and the father.

The action thus provided for is purely statutory, has existed in this state for many years substantially as now found in the Code and has been repeatedly considered by the courts.

The general scheme of the action may be briefly stated as follows : An executor or administrator can sue only where decedent leaves husband, wife or next of kin ; when the action is brought it is for the exclusive benefit of husband, or wife, and next of kin ; the proceeds of the recovery are to be distributed among the class named, as if they were unbequeathed assets remaining after payment of debts and expenses; the statute providing for the distribution of personal property is to govern.

In *Oldfield* v. *N. Y. & Harlem R. R. Co.* (14 N. Y. 310), in considering the law as then existing (Laws 1847, chap. 450), this court said (p. 316): " The statute does not, as has been supposed by some, only create a liability in those cases where the relations of the persons to be indemnified to the person killed were such that the former had a legal right to some pecuniary benefit which would result from a continuance of the life of the latter, and which was lost by the death. It is applicable to the case of any person, where death ensues, who could himself, if living, have maintained the action, and cannot justly be limited to the cases of a wife for the loss of a husband, or children of parents."

It is then pointed out that the words " husband or wife " are used to designate persons who would not be included in the term " next of kin."

In *Tilley* v. *Hudson River R. R. Co.* (24 N. Y., at page 474) this court again construed the act : " Next of kin are

embraced in its language, as parties who may be pecuniarily injured by the death of a person to whom they stand in that relation; and it is not required that the degree of kindred should be such as to create the duty of sustenance, support or education.    It is well settled, that the survivorship of a wife is not essential to the maintenance of the action."

In *Murphy* v. *N. Y. C. & H. R. R. R. Co.* (88 N. Y. at page 447) this court further expressed itself as follows: "Under the statute of 1847 as amended it matters not that some of the next of kin for whom the action is prosecuted may suffer greater pecuniary loss from the death than others. The sum to be recovered by the personal representative represents the entire pecuniary loss resulting from the death to each and all the relatives mentioned in the statute."

It seems very clear that the legislature intended to create a new cause of action for the benefit of the husband or wife and next of kin of a decedent as a class and the damages were supposed to cover the pecuniary losses suffered by every person constituting it.

In the case at bar the class consists of the widow and father.

It does not follow that the father has no pecuniary interest in the death of his son.    It might have happened had the son survived thirty years that his wife would have died childless and he be left as the only support of an aged and penniless father; or, if no father was living, but several next of kin of the same degree, it is within the range of possibilities that the decedent might have accumulated within his added years of life a considerable estate and then died leaving it to them. The statute evidently deals with remote and uncertain damages not recoverable at common law.

We are not insensible to the peculiar hardship of this case where a widow, left without means of support, is compelled to divide the net amount of the judgment she has recovered as administratrix with a man of means, possessed of considerable real and personal property.    We must, however, construe the law as it is written regardless of the seeming injustice inflicted in particular cases by the existing rule.

The painstaking and able brief of the appellant's counsel contains excellent arguments calculated to persuade the legislature that the statute should be so amended as to prefer the widow and the fatherless, left without means of support, over the next of kin whose interest is, in such instances, speculative and remote.

The order of the Appellate Division should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, VANN, LANDON and CULLEN, JJ., concur.

Order affirmed.