THE BANK OF PORT JEFFERSON, Respondent, *v.* MARY A. DARLING, Appellant.

*Supplementary proceedings — affidavit as to the issuance of an execution to the county " where said judgment debtor has a place for the regular transaction of business * * * in person or by agent" — it is fatally defective.*

An affidavit, used on a motion for the examination of a judgment debtor in proceedings supplementary to execution, which alleges the issuance of the execution to the sheriff of a specified county, "where said judgment debtor has a place for the regular transaction of business, * * * in person or by agent, as deponent is informed and believes," does not comply with the requirements of subdivision 1 of section 2458 of the Code of Civil Procedure, as the statement "or by agent, as deponent is informed and believes," makes possible the construction that the affiant does not depose in the terms of the subdivision, and, moreover, is an interpolation for which there seems to be no authority.
Such defect is fatal to the supplementary proceedings.
Alternative allegations are bad.

APPEAL by the defendant, Mary A. Darling, from an order of the Supreme Court, made at the Suffolk Special Term and entered in the office of the clerk of the county of Suffolk on the 24th day of October, 1904.

*Thomas J. Ritch, Jr.*, for the appellant.

*Ralph J. Hawkins*, for the respondent.

*Nathan O. Petty*, receiver and attorney in person.

JENKS, J. :

This is an appeal from an order denying a motion to vacate an execution issued and returned on a judgment, the affidavit and order

appointing a receiver, his bond and all papers and proceedings supplementary to execution. The execution was issuable in the county of Suffolk. (Code Civ. Proc. § 1365.) A receiver could be appointed only after making an order for examination, for there was no warrant issued in this action. (Id. § 2464.) The order for examination must be based upon the issue or return of an execution issued upon the judgment as prescribed by section 2458 of the Code of Civil Procedure. (Id. §§ 2435, 2441.) The affidavit upon which the order for examination was based stated the recovery of a judgment in the Supreme Court, duly docketed in the county of Suffolk, and the issue and delivery of an execution to the sheriff of Suffolk county, "where said judgment debtor has a place for the regular transaction of business, * * * in person or by agent, as deponent is informed and believes." This affidavit does not meet the requirements of subdivision 1 of section 2458 of the Code of Civil Procedure. The statement "*or* by agent, as deponent is informed and believes," makes possible the construction that the affiant does not depose in the terms of the subdivision at all, and moreover is an interpolation for which there seems no authority. Alternative allegations are bad. (*Arnot* v. *Wright*, 55 Hun, 561 ; *Smith* v. *Cutter*, 64 App. Div. 413.) This defect goes to the foundation and is fatal. (See *National Bank* v. *Bussing*, 147 N. Y. 665.) We think that in view of the laches of the defendant the execution and the return may stand, but that all other proceedings subsequent thereto must be vacated and set aside, without costs of this appeal to either party.

HIRSCHBERG, P. J., BARTLETT and WOODWARD, JJ., concurred; HOOKER, J., not voting.

Order modified in accordance with opinion of JENKS, J., without costs of this appeal to either party.