KATHERINE L. WELLBROOK, PLAINTIFF, v. OCEAN COUNTY TRUST COMPANY, ADMINISTRATOR OF THE ESTATE OF MARTIN WELLBROOK, DECEASED, DEFENDANT.

For the motion, *Howard Ewart.*

*Contra, Wilfred H. Jayne, Jr.*

LAWRENCE, S. C. C. This is a motion to strike the complaint in this suit, on the ground that it does not state a cause of action. The interesting question is whether a widow can, in the circumstance stated, take the entire sum recovered under the Death act to the exclusion of the next of kin.

The complaint alleges that Martin Wellbrook died intestate on March 28th, 1929, leaving a widow (the present plaintiff) and four grown children (by a former marriage) as his next of kin. His death was due to injuries received in an automobile accident. On February 24th, 1930, Mrs. Wellbrook took out letters of administration *ad prosequendum* in accordance with the supplement to the Death act (*Pamph. L.* 1917, *ch.* 180, *p.* 531), and instituted a suit against certain defendants named, alleging that her husband's death was due to their negligence. The complaint filed therein contained the routine and usual allegations required, but stated that he died intestate, leaving her, the widow, surviving, without naming the adult children as next of kin, although it did allege in a succeeding paragraph that the widow and next of kin suffered pecuniary loss by reason of his death. An answer was filed, issue joined, and the case came on for trial at the Ocean Circuit on September 19th, 1930. At the trial, it is stated, plaintiff's evidence as to damages was confined to the pecuniary loss suffered by the widow, for the reason alleged that the surviving next of kin were of full age, were not then and for some years had not been dependent upon decedent or received any financial aid, gain or advantage whatever from him, and it is accordingly pleaded in the present complaint that they as next of kin did not have at the time of their father's death any reasonable expectation of pecuniary advantage from the continuance of his life. It is further alleged that during the progress of the trial, and after plaintiff's testimony was in, defendants tendered in settlement $1,800, which, in the language of the complaint, "the plain-

tiff, Katherine L. Wellbrook, as administratrix *ad prosequendum,* considered adequate and acceptable in compromise of the damages alleged and sought to be recovered from the defendants in said action, whereupon a juror was withdrawn and a mistrial declared."

Subsequently, letters of administration on the estate of the deceased were issued to the defendant trust company, to which as general administrator the sum in question was paid apparently in settlement of the claim, and by which a receipt presumably in the nature of a release was given to the defendants in the action. Thereafter, the general administrator, conceiving that it was so required by law, paid Mrs. Wellbrook, as the widow, $600, or one-third of the amount, but refused to turn over to her the remainder, claiming its legal duty to be to distribute it to the next of kin as provided by the statute in relation to the distribution of personal property left by persons dying intestate.

She accordingly brings this suit against the defendant administrator to recover the remainder of the sum paid in settlement, alleging—as indicated—her right to it by reason of the absence of proof at the trial of any financial aid rendered by deceased to the next of kin immediately prior to his death and as a consequence no inference in fact could have been drawn by the jury of any pecuniary loss to them within the recognized rule. It does not appear that they were present at the trial or represented otherwise than by the administratrix *ad prosequendum,* who evidently regarded her individual interest as solely involved.

It is argued, in behalf of defendant, however, that the complaint does not set forth a cause of action for several reasons: First, that the original suit which resulted in the settlement in question could not have been maintained for the benefit of the widow alone, inasmuch as there were next of kin surviving, even though adult, and since a loss to them was alleged in the complaint; second, that the administratrix *ad prosequendum* had no lawful authority to make the settlement; and third, that the general administrator is not permitted to distribute the money received, whether by settle-

ment or recovery in any other way than as directed by the statute, which is that "the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased, and shall be distributed to such widow and next of kin in the proportions provided by law in relation to the distribution of personal property by persons dying intestate."

There is nothing in the present complaint to show that the defendants paid the money in question for any other purpose than a settlement of the claim laid against them, or that the general administrator, the defendant here, had any knowledge that the sum so received by it was to be regarded as a fund recovered under the Death act, but not to be distributed pursuant to its direction. It is in fact stated that the suit brought by the administratrix *ad prosequendum*, although on a complaint alleging a loss to the widow and next of kin, resulted in a mistrial, and there was therefore no finding of the jury that such loss was to her alone and not to all of them.

The cause of action attempted to be set up in the complaint does appear to be misconceived, doubtless due to the familiar and long standing judicial interpretation that the recovery under the act is to be limited to the deprivation of a reasonable expectation of a pecuniary advantage to be derived from a continuance of the life of the deceased, which is thought to be wholly gauged on proof offered at the trial of recent financial contribution or aid during the lifetime of the deceased and immediately prior to his death, although the statute provides that such damages shall be fair and just, but with reference to the pecuniary injury resulting from the death to the "wife and next of kin." The pleader evidently failed to distinguish the rule and the effect of the proof justifying the award. The only instance in which the widow may take the whole of the sum recovered appears to be indicated in the amendment of 1897 (*Pamph. L., ch. 56, p.* 134), where decedent leaves him surviving no children or descendants of any children and no parents. See, also,

statutes cited below and Distribution act. 2 *Cum. Supp. Comp. Stat., p.* 2629.

Chronologically, it may be said that there has been no change in the former respect since the original act of 1848 (*Pamph. L., p.* 151), providing that the sum recovered in every such case shall be for the exclusive benefit of the widow and next of kin. See *Rev.* 1877, *p.* 294; 1 *Gen. Stat.* 1895, *p.* 1188; *Pamph. L.* 1897, *ch.* 58, *p.* 134; *Pamph. L.* 1907, *ch.* 149, *p.* 386; *Pamph. L.* 1908, *ch.* 322, *p.* 721; 2 *Comp. Stat., p.* 1907; *Pamph. L.* 1913, *ch.* 287, *p.* 586; *Pamph. L.* 1917, *ch.* 180, *p.* 531; 1 *Cum. Supp. Comp. Stat.* 1924, *p.* 927; *Cum. Supp. Comp. Stat.* 1930, *p.* 446.

In the old case of *Paulmier, Admr.,* v. *Erie Railroad Co.,* 34 *N. J. L.* 151, 155 (cited in *Hackney* v. *Delaware and Atlantic Tel. Co.,* 69 *Id.* 335; in *Brown* v. *Honniss,* 74 *Id.* 501, 516, and other cases), Chief Justice Beasley said: "The subject is not devoid of perplexity. The language is so general and indefinite that it leaves wide room for judicial construction. But I am satisfied that the interpretation just indicated is not admissible. It is in opposition to the generality of the provision contained in the first section of the act and to the special provision of the second section. Thus, an action is given in every case where liability would have resulted if death had not ensued, whereas the construction contended for insists upon a liability only when a certain class of persons survive the deceased. In the second section, the act directs a distribution of damages 'in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate;' but the provision is obviously impracticable on the hypothesis that particular classes of persons are alone entitled. For example, in the present case, the mother, if impoverished, would have been entitled to the support of her son; the two brothers had no such claim and therefore, according to the view under consideration, had no right to a share of the damages occasioned by the death, the result being that under these circumstances the mother would take the whole sum recovered. But such a

distribution of the proceeds of the suit is entirely inconsistent with the distribution of the property among the next of kin of an intestate. The contention of counsel of defendants would make the mother the sole recipient of the benefits of the action; but the statute authorizing the action declares, in clear terms, that the money recovered shall go to the next of kin as in case of intestacy, and by this rule each of the brothers would have an equal interest with the mother. It seems to me that it is not possible to effectuate the act on this basis. It also seems to me that the literal language of the statute is to be followed, that is a right of action exists, if death had not ensued; and that all of the next of kin who would take in case of intestacy belong to the class of persons who it is competent for the jury, under the given circumstances, to say have sustained a pecuniary injury resulting from the death of their kinsman."

Other pertinent authorities on the subject are *Telfor* v. *Northern Railroad Co.,* 30 *N. J. L.* 188, 199; *Demarest* v. *Little,* 47 *Id.* 28, in which it appeared that the next of kin were grown children, self supporting, a daughter married, and that there was no proof of any financial assistance to them individually, but the verdict was allowed to stand at a reduced figure; *Hackney* v. *Delaware and Atlantic Tel. Co., supra; Carter* v. *West Jersey and Seashore Railroad Co.,* 76 *Id.* 602, 604, involving a mother's care of children, where it was held that the statute did not require the plaintiff to show that the next of kin would probably have received from the deceased contributions of money or things purchased with money. *Stagg* v. *McCann,* 95 *N. J. Eq.* 53, widow's right to entire recovery, as against mother's claim by virtue of late statutory enactment, no children surviving; *McGlone, Admr.,* v. *New Jersey Railroad and Transportation Co.,* 37 *N. J. L.* 304, holding that next of kin need not be specially named in the pleading; and *Harris* v. *Johnson,* 6 *N. J. Mis. R.* 700; 8 *Id.* 842, referring to conjectural and uncertain nature of damages.

From these authorities it would seem that the damages recoverable under the Death act are not to be conclusively

determined by required proof at the trial of pre-existing dependency or periodic pecuniary aid from the intestate prior to his death. The fact that the next of kin may have been self-supporting evidently does not prohibit them from sharing in the recovery which becomes on payment subject to distribution as directed by the statute in cases of intestacy. *Snedeker* v. *Snedeker,* 164 *N. Y.* 58; 58 *N. E. Rep.* 4. It is the *future* deprivation or loss of the so-called reasonable expectation of financial advantage from a continuance of the life of the deceased that appears to be involved in such a case.

As stated in the present complaint, the suit instituted by the plaintiff as administratrix *ad prosequendum* may perhaps be regarded as abortive, in view of the resultant mistrial, and the fact that she appears to have been concerned with her individual interest, without a realization that the surviving children of decedent (by a former marriage) likewise had interests, and that their rights, unless formally surrendered or at least actually determined by the verdict of the jury, could not be disposed of in the informal manner indicated.

In any event, what the general administrator is required to do with the fund recovered, since it is to be assumed that it is controlled by the statute, seems clear. The result is that in the absence of legislation supporting or authorizing it, the action sought to be set up in the present complaint does not appear capable of being legally sustained. The motion to strike will be granted, but without costs.