In the Matter of the Estate of ESTHER ARONOWITZ, Also Known as PIEROWSKY, PIROFSKY or PIROWSKY, Deceased.

Surrogate's Court, Kings County, June 6, 1934.

---

* Affd., 241 App. Div. 808; affd., 265 N. Y. 20.

*Jacob Burnstein*, for the administrator.

*J. K. Colman*, for the objectors.

*Harry M. Koeppel*, for the claimants.

WINGATE, S. The somewhat anomalous and contradictory nature of the provisions of article 5 of the Decedent Estate Law, granting a recovery against a person causing the wrongful death of another, is demonstrated by an application of its provisions to the facts of the case at bar.

The decedent was injured on November 11, 1930, and died five days thereafter, survived by a husband who was then eighty years of age and by two children of a former marriage.

The husband and the present accountant were joined as coadministrators of her estate and instituted an action under the statute. On September 26, 1933, while the action was still pending, the husband died. About four months later, when trial was imminent, a settlement was effected, the resulting avails amounting to $4,000. The accountant maintains that this sum should be divided into three equal parts, one going to the estate of the husband, which is distributable to his children by a former marriage, and the others, one each to the children of this decedent. The latter maintain that they should receive the entire sum, to the exclusion of the estate of the deceased stepfather.

As a preliminary matter it should be noted that the cause of action for wrongful death was not known at common law but was a new right created by statute. (*Phœnix Indemnity Co.* v. *Staten Island Rapid Transit Co.*, 251 N. Y. 127, 136; affd., 281 U. S. 98; *Werra* v. *Cassedy*, 229 App. Div. 590, 592; *Matter of Killough*, 148 Misc. 73, 78.) It follows, therefore, since the right exists solely by reason of statute, that any sums received in extinguishment thereof must be distributed in accordance with the law which created it. (*Engel* v. *Davenport*, 271 U. S. 33, 37; *Lynott* v, *Great Lakes Transit Corp.*, 202 App. Div. 613, 619; affd., 234 N. Y. 626; *Collins* v. *Penn. R. R. Co.*, 163 App. Div. 452, 458; *Matter of De Martino*, 142 Misc. 431, 435; Dec. Est. Law, § 133.)

Under section 130 of the Decedent Estate Law, the right of action is given to the executor or administrator of a decedent who is survived by a husband or wife or next of kin, and it has been held that the relatives and connections of the decedent who are living at the time of his death receive a vested property right from the moment that the statutory cause of action accrues (*Matter of*

*Meekin* v. *Brooklyn Heights Railroad Co.*, 164 N. Y. 145, 149), which is not terminated by the death of the statutory distributee, but becomes an asset of his estate. (*Pitkin* v. *New York Central & H. R. R. R. Co.*, 94 App. Div. 31, 37.)

The amount of the damages recoverable in the action is fixed at such sum as will " be a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons for whose benefit the action is brought." (Dec. Est. Law, § 132.)

Since the recoverable amount is merely compensation for the injury, based on the probable future contributions or services of the decedent to the injured party, it logically follows that while in the ordinary case this must be measured in part by the probable longevity of the beneficiary of the action, judged by mortality tables, yet where death prior to a recovery defines the extent of the loss, the recovery is limited to the amount of the damage thus demonstrated to have been sustained. (*Sider* v. *General Electric Co.*, 238 N. Y. 64, 69; *Pitkin* v. *N. Y. Central & H. R. R. R. Co.*, 94 App. Div. 31, 37.)

So long as there is only one person entitled to compensation by reason of the death, these rules are entirely simple and just and closely approximate the rule in vogue under the Federal statutes. (*Matter of De Martino*, 142 Misc. 431, 435, 436; *Matter of De Martino*, Id. 785; *Matter of Uravic*, Id. 775, 782.) Where, however, as in the case at bar, the persons entitled to compensation are several in number and one of them dies pending the award, the provisions of section 133 respecting the allocation and division of the recovery may produce an anomalous and unfair result.

Concededly each person answering to the description of a statutory beneficiary receives at the moment of the death a right to *some* recovery. The verdict or judgment, however, represents the total pecuniary loss suffered by the entire aggregate of the members of the class. Almost necessarily the amounts of their respective losses differ, but all are commingled in the total result and are distributable not in proportion to the respective losses sustained, but in accordance with the fixed formulæ of the Statute of Distribution.

The facts of the present case serve as a striking illustration of the inequity frequently produced by this procedure. Here the husband was eighty years of age at the time of the accident. His expectancy of life was but four and thirty-nine one-hundredths years. If it be assumed that the age of one child was twenty and of the other, twenty-five, their expectancies were forty-two and twenty one-hundredths and thirty-nine and forty-nine one-

hundredths years, respectively. Since the decedent was fifty-six years old at the time of her death, her expectancy of life was sixteen and seventy-two one-hundredths years. It is obvious, therefore, that all other factors being equal, the loss from the death was approximately four times as great for each of the children as for the widower, and that, viewed from this standpoint, any recovery should be divided approximately into ninths with four thereof payable to each child and only one to the husband. Under section 133 of the statute, however, the direction is mandatory that "the damages recovered * * * *must* be distributed * * * as if they were unbequeathed assets;" in other words, that the regular devolution prescribed by the Statute of Distribution governs, which in this case gives one-third to the husband and a like proportion to each child. (Dec. Est. Law, § 83, subd. 1.)

It would not be difficult to imagine even more striking inconsistencies in the application of the law by its diversion in distribution to one person of sums which were in reality awarded as compensation for the loss of another. The remedy for the condition is, however, a legislative and not a judicial function.

It follows that the fifth and sixth objections to the account must be overruled.

A like fate must be accorded to their four predecessors. No demonstration has been made that any interest was, should or could have been received by the administrator. On the facts alleged in the affidavit of Jacob Burnstein, which are in no wise controverted, the attorney fees are reasonable, and the question of the fiduciary commissions is one for determination on the entry of the decree and is not properly the basis of an objection to the account.

Proceed accordingly.