In the Matter of the Estate of JAMES H. AYVAZIAN, Also Known as JAMES AYVAZIAN, Deceased.

Surrogate's Court, Kings County, November 6, 1935.

*John J. Hanrahan,* for the petitioners.

*William Levine* [*Anthony J. Wolf* of counsel, *Elliot W. Isaacson* on the brief], for the American Surety Company.

WINGATE, S. Certain heretofore unadjudicated aspects of section 115-a of the Surrogate's Court Act are presented for decision in this application to fix the liability of a surety.

The pertinent facts respecting the affairs of this estate were fully developed in the former opinion of this court at the time of the accounting by the executors and trustees (*Matter of Ayvazian,* 153 Misc. 467). For present purposes it will be sufficient to note that the accountants in 1921 received title to premises 487 Sixth avenue, Brooklyn, in their capacity as trustees. This they sold in 1922, pursuant to an order of the Supreme Court, for the sum of $5,204.53, being, by order of that court, directed to file the usual bond required by section 107 of the Real Property Law. The bond so filed was in the sum of $5,000, its surety being the present respondent. The moneys received on the sale were transmitted to the trustees in California, were improperly invested by them, and lost.

A proceeding for a compulsory accounting was instituted in April, 1929, but proved abortive. Another proceeding was instituted in June, 1930, which, after interminable delays, culminated in a decree in 1935 which was subsequently resettled. The surety was a party

to this proceeding and wielded the laboring oar in the effort to exonerate the trustees.

The adjudications of the decree are largely immaterial at the present time. Suffice it to note that the accountants were surcharged by reason of their dealings with the moneys derived from the Sixth avenue property in a sum substantially in excess of the $5,000 penal sum of the surety bond.

In the present proceeding the substituted trustee seeks recovery from the surety of the full face of the bond plus interest on its amount from September, 1925. The surety, in its answer, alleges a tender of the face amount and contests any further liability on its part. It also challenges the authority of the court to adjudicate its liability in connection with the sort of bond in question and finally impugns the performance by the trustee of alleged essential conditions precedent to the maintenance of this proceeding.

The bond in question reads in part as follows: " *The condition of this obligation is such,* that if the above bounden Peter Memleketian and John Memleketian, shall well and truly discharge the trust reposed in them as such trustees of the above named, and shall well and truly pay over, invest and account for all moneys and securities received by them as such trustees in said special proceedings, according to the order and directions of any court having authority to give directions in the premises, and shall observe and obey all orders and directions of the court in relation to the said trust, then this obligation to be void, otherwise to remain in full force and virtue."

The theories upon which the petitioner seeks to hold the surety for a sum in excess of the full face amount of the bond are (a) that it was negligent in permitting the trustees, who were nonresidents, to remove the funds from this State without requiring joint control; and (b) that it knew of the improper investment of the fund as early as September, 1925, and took no steps to secure its discharge as surety.

In answer to these positions it is sufficient to note that the liability of the surety sounds in contract and not in tort. It owed no duty of care to any person, its sole liability being to pay the specified sum in the event the conditions specified in its obligation failed of compliance. In such a situation, no tort liability can arise. Whatever rights the surety might have had to require joint control of the funds were for its own protection, and the failure to assert such right is no concern of any other person.

Similar considerations apply to the failure of the surety to seek the relief available under section 158 of the Civil Practice Act of seeking its discharge. In such a situation it might elect to with-

draw from further connection with the matter, but this was wholly optional with it, and its failure to seek the release which the law made possible to it can form no basis for just complaint by any other person.

The only basis for a recovery against the surety for any sum in excess of the total stipulated in its bond is by way of the statutory interest penalty for the withholding of money after it was legally due according to the terms of its contract. (*Hood* v. *Hayward*, 124 N. Y. 1, 23; *Tuzzeo* v. *American Bonding Co.*, 226 id. 171, 177; *Matter of Kierepka*, 235 App. Div. 762; *United States* v. *United States Fidelity & Guaranty Co.*, 236 U. S. 512, 530.)

In the present case the sole pertinent obligation was that the trustees should " pay over " the " moneys and securities " " according to the order and directions " of a court of competent jurisdiction. A breach thereof did not and could not occur until such a direction was made. This occurred in the decree on the accounting, wherefore the surety is not liable for interest for withholding prior to that date. Whether or not interest subsequent to such time is payable depends on whether or not a valid tender of the $5,000 then payable was made in due and timely manner by the obligor. (*Heal* v. *Richmond County Savings Bank*, 127 App. Div. 428, 433; affd., 196 N. Y. 549.) The facts in this regard are apparently in issue and cannot be determined on the present record.

A consideration of the legislative purposes in the enactment of section 115-a of the Surrogate's Court Act, which were fully reviewed by this court in its opinion in *Matter of Gellis* (141 Misc. 432, 440, *et seq.*), must result in an overruling of the objection of the surety to the present enforcement of the remedy which it provides. The statute is remedial in nature, its object being to avoid just what would occur in the present case were its provisions to be held inapplicable, namely, to give the surety the privilege of two separate appearances in different courts to fully litigate the same identical question. Being remedial, it should receive a liberal construction. (*American Historical Soc.* v. *Glenn*, 248 N. Y. 445, 451; *Archer* v. *Equitable Life Assurance Soc.*, 218 id. 18, 25; *Matter of Greenberg*, 141 Misc. 874, 885; affd., 236 App. Div. 733; affd., 261 N. Y. 474.)

The final objection of the surety is directed to the failure of the applicant to issue an execution prior to the institution of the present proceeding. The pertinent phraseology of section 115-a enacts that a petition for fixation of the liability of the surety may be presented " where a decree has been made   *   *   * directing payment   *   *   *   *and* execution against the property of such fiduciary has been returned wholly or partly unsatisfied." (Italics not in original.) The further direction is included that " if the principal debtor is a resident of the state, the execution must have been issued to the county where he resides."

In the present case an execution has admittedly not been issued. or returned. In lieu thereof an affidavit has been submitted which demonstrates that the accountants are residents of the State of California and are financially irresponsible.

Whereas it may readily be admitted that the issuance of an execution would unquestionably be a useless formality under facts such as are apparently here present, it is not a function of the judiciary to amend or emasculate statutes solemnly enacted by the legislative branch of the government. (*Akin* v. *Kellogg*, 119 N. Y. 441, 447; *Matter of La Rocca* v. *Flynn*, 257 id. 5, 15; *People* v. *Ryan*, 230 App. Div. 252, 256; *Matter of Aronowitz*, 151 Misc. 746, 749; *Matter of Zweig*, 145 id. 839, 857, 858, and authorities cited.)

The exercise of the particular right here granted is expressly made subject to two conditions precedent which are stated in the conjunctive. One is that an execution shall have been issued and returned and a court has no more authority to dispense with compliance therewith in this connection than it had with the like requirement under former section 775 of the Civil Practice Act. (*Bank of Port Jefferson* v. *Darling*, 102 App. Div. 431, 432.)

Where the principal debtor is a resident of the State, the direct legislative fiat requires that the execution shall have issued to the county of his residence. In other cases, its place of issuance is regulated by section 648 of the Civil Practice Act. (*Matter of Reppucci*, 145 Misc. 671, 677.)

The Legislature has made the issuance of an execution a condition to the maintenance of the proceeding, wherefore jurisdiction to grant relief is absent when compliance with this mandate is not demonstrated.

It follows that since the present applicant has failed to comply with the terms of the statute, the proceeding must be dismissed, without costs and without prejudice to a renewal, after the issuance and return of execution.

Enter decree on notice.