*In re* VENNEMAN'S ESTATE.

VENNEMAN *v.* VENNEMAN.

1. DEATH—ACTION—COMMON LAW—STATUTES—DISTRIBUTION.
    The right of action provided under the death act did not exist at common law and is purely statutory, hence the terms of the statute govern matter of distribution of the sum recovered (3 Comp. Laws 1929, §§ 14061, 14062).

2. SAME—ACTION—DAMAGES—DISTRIBUTION.
    As to actions brought under death act, provision therein that "in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death, to those persons who may be entitled to such damages when recovered" merely provides the manner

of determining the amount to be recovered and when the amount of damages has been determined it is then to be distributed "to the persons and in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate" (3 Comp. Laws 1929, § 14062).

3. SAME—DISTRIBUTION OF AMOUNT RECOVERED UNDER DEATH ACT.

The amount recovered by widow, as administratrix of the estate of her husband who had been instantly killed, in settlement of an action brought under the death act must be distributed under the applicable statute for the distribution of personal estates notwithstanding decedent's adult son by a former marriage who was in no way dependent upon his father for support is then entitled to share in the amount so recovered (3 Comp. Laws 1929, §§ 14061, 14062, 15726).

4. STATUTES—CONSTRUCTION—LEGISLATIVE MATTERS.

The Supreme Court is compelled to follow the clear and express language of the law as enacted by the legislature even though it may work a hardship and possible injustice and the wisdom of the statute and remedy for the condition is a legislative matter.

5. DEATH—PROCEEDS OF ACTION UNDER DEATH ACT—CREDITORS OF DECEASED.

Resort may not be had to portion of estate recovered from a tortfeasor in an action under the death act for the purpose of satisfying claims of decedent's creditors (3 Comp. Laws 1929, §§ 14061, 14062).

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 10, 1938. (Docket No. 88, Calendar No. 40,142.) Decided November 10, 1938.

In the matter of the estate of Arthur W. Venneman, deceased. Katheryn Venneman, administratrix of the estate, filed her petition for allowance of final account. Dr. John F. Yonkman and Clarke Venneman filed objections thereto and petitioned for the setting aside of an order authorizing the settlement of a death claim. Final account allowed. Clarke Venneman appealed to circuit court. Judg-

ment for administratrix. Clarke Venneman appeals. Reversed and remanded.

*Allaben & Wiarda* (*Edward L. Eardley*, of counsel), for claimant.

*Earl W. Munshaw*, for administratrix.

NORTH, J. Arthur W. Venneman was instantly killed in an automobile accident as a result of a collision between a car driven by him and a car driven by one Helge Persson. Katheryn Venneman, the widow of deceased, as administratrix instituted suit against Persson for the pecuniary loss which she suffered by reason of the death of her husband. Prior to the trial an offer of settlement was made. Thereafter a consent judgment in the sum of $4,000 was entered in the circuit court in favor of Mrs. Venneman. On the same day this judgment was entered Mrs. Venneman petitioned the probate court for authority to accept $4,000 in settlement of her claim. The probate judge entered an order authorizing the settlement and directed petitioner "to accept and receipt for same as administratrix, and thereafter to receive the benefit of said settlement as widow of the deceased without the same being or becoming a part of the estate of the deceased, or subject to his debts, or subject to any further distribution to any other person or persons on account of the law of distribution."

Clarke Venneman, the claimant in this case, is an adult son of deceased by a former marriage. While he makes no claim to having suffered any present pecuniary loss by reason of the death of his father he does claim that as an heir he is entitled to one-half of the $4,000 recovered. Although his appearance was on file in the probate court, the foregoing

proceedings incident to the institution of the circuit court suit, settlement of same, and authorization by the probate court to accept such settlement were all without any notice to said Clarke Venneman. Upon learning of these proceedings he joined with a creditor of the deceased, Dr. John F. Yonkman, in filing a petition to set aside the order of the probate court authorizing the settlement, and also filed objections to the final account of the administratrix. The probate court entered an order denying the petition and objections to the final account; and entered an order allowing the final account, reading in part as follows:

"It is ordered that the final account of the administratrix as heretofore filed shall be and the same is hereby allowed in every particular, and by reason thereof the balance of all moneys remaining now in the possession of the administratrix shall be and the same is hereby forthwith assigned and distributed to Katheryn Venneman, widow of the deceased inasmuch as said moneys and personal property represents the pecuniary loss and injury to deceased's widow and is not in any wise a part of the estate to be distributed to any other person or persons or used for any other purpose, nor subject to any of the debts or obligations of the deceased, and all objections heretofore made by the objectors aforesaid shall be and the same are each hereby denied."

From this order of the probate court claimant Clarke Venneman appealed to the circuit court. Dr. Yonkman did not appeal. The circuit judge held that the widow was entitled to the whole sum and that claimant could not share in the same. Claimant appeals.

The sole question to be determined is whether the money received under the consent judgment, there being no other assets, is to be used to pay debts of

the estate, and the balance to be distributed in accordance with the statute of descent and distribution (3 Comp. Laws 1929, § 15726 [Stat. Ann. § 27.2891]), or whether under the death act (3 Comp. Laws 1929, §§ 14061, 14062 [Stat. Ann. §§ 27.711, 27.712]) the funds should go entirely to the widow of the deceased, who was the only person receiving support from the deceased at the time of his death.

The right of action provided under the death act is purely statutory. It did not exist at common law. Therefore we must look to the terms of the statute for direction as to distribution of the sum recovered. The statute (3 Comp. Laws 1929, §§ 14061, 14062 [Stat. Ann. §§ 27.711, 27.712]) reads:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages, in respect thereof, then and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Every such action shall be brought by, and in the names of, the personal representatives of such deceased person, and the amount recovered in every such action, shall be distributed to the persons and in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death, to those persons who may be entitled to such damages when recovered."

The last section quoted provides: (1) who may bring the action; (2) the method of distributing the amount recovered; and (3) the method of determining the amount to be recovered. We do not agree with the circuit judge that this statute "provides two methods of distribution * * * diametrically opposed to each other." Instead we are of the opinion that the portion of the statute reading "in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death, to those persons who may be entitled to such damages when recovered" merely provides the manner of determining the amount of the damages to be recovered. When the amount of damages has been determined it is then to be distributed "to the persons and in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate." In a case under a like statutory provision, the New York court of last resort said:

"The general scheme of the action may be briefly stated as follows: An executor or administrator can sue only where decedent leaves husband, wife or next of kin; when the action is brought it is for the exclusive benefit of husband, or wife, and next of kin; the proceeds of the recovery are to be distributed among the class named, as if they were unbequeathed assets remaining after payment of debts and expenses; the statute providing for the distribution of personal property is to govern. * * *

"We are not insensible to the peculiar hardship of this case where a widow, left without means of support, is compelled to divide the net amount of the judgment she has recovered as administratrix with a man of means, possessed of considerable real and personal property. We must, however, construe the law as it is written regardless of the seem-

ing injustice inflicted in particular cases by the existing rule." *Snedeker* v. *Snedeker,* 164 N. Y. 58 (58 N. E. 4).

In the above case the court held that an heir who seemingly was not a dependent was nonetheless entitled under the statute to participate in the distribution of the money recovered from the tortfeasor.

While the exact issue in the instant case was not then before this court for decision, in one of our earlier cases we said:

"The plaintiff sues in a representative capacity. The judgment, when recovered, is under the statute to be distributed to the persons and in the proportions provided by law for the distribution of personal property of persons dying intestate." *Rajnowski* v. *Railroad Co.,* 74 Mich. 20.

We are of the opinion that the following Michigan cases cited by appellee merely point to the method of determining damages: *Van Brunt* v. *Railroad Co.,* 78 Mich. 530; *Richmond* v. *Railway Co.,* 87 Mich. 374; *Richardson* v. *Railway Co.,* 176 Mich. 413; *Rouse* v. *Railway,* 128 Mich. 149. See, also, *McQuisten* v. *Street-Railway Co.,* 150 Mich. 332; *Mascitelli* v. *Union Carbide Co.,* 151 Mich. 693. The question presented by the instant case was raised by the defendant in *Richmond* v. *Railway Co., supra,* but the court held that the defendant in an action for wrongful death was not concerned in the distribution of the money recovered, and stated that:

"When a conflict arises under this statute as to the distribution of the money recovered as damages, it will then be competent and necessary for the courts to decide who are entitled to the fund."

Thus we think it may be fairly said that this court has not heretofore passed upon the above quoted

statutory provisions insofar as the same control the manner of distribution of money recovered under the death act.

The Supreme Court of Arkansas in deciding a case similar to the one at bar, involving the construction of a statute almost identical with ours, said:

"Moreover, the language which follows, 'shall be distributed to such widow and next of kin in proportion provided by law in relation to distribution of personal property left by persons dying intestate,' evinces a clear and unmistakable intent to distribute the net recovery in all such actions to the heirs at law of such deceased persons as is provided by general law of descent and distribution and not to a restricted class of persons, as contended by appellee. It is true the section of the statute then provides: 'and in every such action, the jury may give such damages as they shall deem a fair and just compensation, with reference to pecuniary injuries resulting from such death to the wife and next of kin of such deceased persons,' but this language does not conflict with the provisions which precede it. The language 'the jury may give such damages as they shall deem a fair and just compensation, with reference to pecuniary injuries resulting from such death,' establishes the rule by which the jury is to measure the extent of the award which may be made to compensate those entitled to receive damages by reason of such death. This language does not have the effect of changing the rule theretofore stated in reference to the class of persons entitled to participate in the recovery." *Law* v. *Wynne*, 190 Ark. 1010 (83 S. W. [2d] 61).

"There is an obvious inconsistency between the statutory rules that the damages shall be assessed on the basis of the pecuniary loss suffered by the beneficiaries, and that such damages when recov-

ered shall be distributed among the beneficiaries, not according to the damages suffered by them respectively, but according to the proportions fixed by the statute of descent and distribution. Nevertheless the statutory rule of distribution is mandatory, and all the statutory beneficiaries are entitled to share in the recovery in the statutory proportions, regardless of the fact that some of them have suffered more damages than others, or have been guilty of contributory negligence." 17 C. J. p. 1224.

See, also, *Murphy* v. *Duluth-Superior Bus Co.,* 200 Minn. 345 (274 N. W. 515, 112 A. L. R. 27). We think that the rule as set forth in the above authorities is in accord with the necessary and proper interpretation of the unambiguous language of our statute, and we are therefore constrained to hold that the amount recovered by the administratrix must be distributed under the applicable statute for the distribution of personal estates (3 Comp. Laws 1929, § 15726 [Stat. Ann. § 27.2891]).

"The residue, if any, of the personal estate shall be distributed as follows: * * * if there be but one child, or the issue of such child living, then to the widow one-half of such residue and to such child, or the issue thereof, the other half."

Because of the statutory mandate, notwithstanding appellant is an adult and in no way dependent upon his father for support, he still is entitled to share in the distribution of the amount recovered. And this is true even though it be admitted that the son himself could have recovered no damages because he could show no pecuniary loss, and the only person who did suffer a loss was the widow.

It may be admitted that the statutory provision as to distribution works a hardship and possible injustice to Mrs. Venneman, still we are compelled

to follow the clear and express language of the law as enacted by the legislature. The wisdom of the statute is not a matter for the consideration of the court, but is wholly within the. control of the legislature. "The remedy for the condition is \* \* \* a legislative, and not a judicial function." *In re Aronowitz' Estate,* 151 Misc. 746 (272 N. Y. Supp. 421). Our conclusion in this case is amply supported by decisions in other jurisdictions. *Law* v. *Wynne, supra; St. Louis, I. M. & S. R. Co.* v. *Needham,* 52 Fed. 371; *Murphy* v. *Duluth-Superior Bus Co., supra; In re Griffin's Estate,* 89 Neb. 733 (131 N. W. 1033); *Snedeker* v. *Snedeker, supra; In re Aronowitz' Estate, supra; Wellbrook* v. *Ocean County Trust Co.,* 9 N. J. Misc. 273 (154 Atl. 521); *Gaydos* v. *Domabyl,* 301 Pa. 523 (152 Atl. 549). There are decisions to the contrary but in most instances they can be distinguished by a difference in the language of the statutes. The phase of the law under consideration is exhaustively reviewed in annotations found in 14 A. L. R. 516 and 112 A. L. R. 30.

That the statutory provision as to distribution of the amount recovered for the unlawful death is not wholly without support in sound reason is noted by some of the courts. See *In re Griffin's Estate, supra,* and *Matter of Meekin* v. *Railroad Co.,* 164 N. Y. 145 (58 N. E. 50, 51 L. R. A. 235, 79 Am. St. Rep. 635). In the latter case the court said:

"The theory of the statute is that damages should be recovered for injuries to the estate of the beneficiaries of the action, which injuries were caused by the death of the decedent. The beneficiaries named in the statute sustain such a legal relation to the deceased by blood or marriage that it is presumed they would have been pecuniarily benefited

by his continuance in life, and, hence, damages are allowed for a wrongful act or omission causing his death. If he had lived, the support, education, or services required from him by law, as well as benefits in the nature of gifts conferred in the past, might have been continued, to the pecuniary advantage of the beneficiary. * * * Hence the statute declares that the damages awarded shall be a fair and just compensation for the pecuniary injuries resulting from the death, not to the person injured, but to the person for whose benefit the action is brought.''

While the creditor claimant in this case, Dr. Yonkman, has not appealed, it may be noted in passing that in a case of this character the proceeds of the recovery from the tortfeasor are not a part of the estate of the deceased in the sense that resort may be had thereto to satisfy claims of creditors. *Snedeker* v. *Snedeker, supra.* Appellant's contention to the contrary is not tenable.

The judgment entered in the circuit court is reversed; and the case is remanded for entry of judgment in accordance herewith and for certification thereof to the probate court. Appellant will have costs both in this court and in the circuit court.

Wiest, C. J., and Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.