In the Matter of the Estate of LEONELLO DE MARTINO, Deceased.*

Surrogate's Court, Kings County, January 13, 1932.

*Isidore Rivinson*, for the petitioner.

*Richard M. Cahoone*, special guardian.

WINGATE, S. The question involved in this case, while by no means one of first impression, is historically interesting by reason of the fact that in its determination, the Court of Appeals of this

* See, also, 142 Misc. 785.

State unanimously reached one conclusion (*Uravic* v. *Jarka Co.*, 252 N. Y. 530), while the United States Supreme Court, with equal unanimity, attained a diametrically opposed result (282 U. S. 234). (See, also, *Matter of Taylor*, 204 N. Y. 135; revd., *Taylor* v. *Taylor*, 232 U. S. 263.)

This decedent was a stevedore. On August 14, 1931, he was employed by the Bay Ridge Operating Co., Inc., a domestic corporation, and was working in that capacity on the steamship *Malayan Prince*, which was owned or operated by three British corporations. In the course of his labors he fell into the hold of the steamship and received injuries from which he died. He was forty-nine years of age and left a widow and nine children, six of whom are minors with ages ranging from five to eighteen years.

On October 31, 1931, his widow was appointed administratrix with limited letters, and entered into negotiations with the steamship companies looking to a recovery of compensation for the death of the intestate. These have culminated in a tender of $15,000 in settlement.

The present proceeding contemplates the approval by this court of the acceptance of this offer, and a decree directing distribution of the fund thus receivable. All parties are agreed that the proposed settlement, obviating as it does the necessity for instituting suit with its attendant expense and delay, is most advantageous, and it is approved.

The important question in the case, however, concerns the method of distribution of this sum. The petition prays distribution in accordance with the provisions of section 133 of the Decedent Estate Law of the State of New York (added by Laws of 1920, chap. 919). Since its filing, all parties have become convinced that the recovery is distributable in accordance, not with New York, but with Federal statutes. This is the question which has lain at the root of the continued differences between our own Court of Appeals and the United States Supreme Court.

It is obvious that the steamship companies would have made no offer of settlement, either before or after suit, unless some potential legal obligation for recompense rested upon them. Consequently, although no suit has been brought, the particular law which gives rise to this obligation is the proximate cause of the recovery which will come into the hands of the administratrix.

It is well known that the common law supplied no remedy for a tort resulting in the death of an individual. So long as an injured person lived, he possessed a personal transitory action for recovery of damages, based on his suffering and loss of earning power. This,

however, was personal to him, and did not survive his demise. In England this defect was first remedied by a statute which became known as "Lord Campbell's Act," and similar laws have been enacted in substantially all of the States of the Union.

The basic nature of such statutes is so clearly stated by the Court of Appeals in *Whitford* v. *Panama Railroad Co.* (23 N. Y. 465) as to render paraphrase an impertinence. The court says (at p. 468): "These statutes have introduced a principle wholly unknown to the common law, namely, that the value of a man's life to his wife or next of kin, constitutes, with a certain limitation as to amount, a part of his estate which he leaves behind him to be administered by his personal representatives. The contrary doctrine, to wit, that a cause of action existing for such a wrong in favor of the party injured, dies with him, and forms no part of the succession to which his wife and kindred are entitled, was so well established as to form one of the standing maxims of the law."

Again (at p. 470): "The system of the statute, as well as of the common law is, that the right of action for damages on account of his bodily injuries, which belonged to the deceased while he lived, was extinguished by his death. The statute does not profess to revive his cause of action in favor of the executor or administrator. The compensation for the bodily injuries remains extinct, but a new grievance of a distinct nature, namely, the deprivation suffered by the wife and children, or other relatives, of their natural support and protection, arises upon his death and is made by the statute the subject of a new cause of action — in favor of these surviving relatives, but to be prosecuted in point of form by the executor or administrator." (See, also, *Phœnix Indemnity Co.* v. *Staten Island Rapid Transit Co.*, 251 N. Y. 127, 136.)

As noted, the particular statutory enactment in force in the State of New York is section 130 of the Decedent Estate Law (added by Laws of 1920, chap. 919).

By reason of the provisions of the 3d paragraph of section 8 of article 1 of the Constitution of the United States authorizing the Congress "to regulate commerce with foreign nations, and among the several States, and with the Indian tribes," an additional potential element is injected into the consideration. This is a by-product of the vast judicial expansion of the Federal authority which has arisen from the interpretation which has been placed upon this clause by the United States Supreme Court. In consequence of such interpretation, Congress has undertaken to regulate matters of employment affecting substantially all relations having to do either with intestate or foreign commerce.

The pertinent Federal enactments respecting recovery of damages

for death by wrongful act where the decedent was engaged in interstate commerce are found in sections 51 to 59 of title 45 of the United States Code, commonly referred to as the Employers' Liability Act.

Section 51 of this law reads in part as follows: " Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, * * * and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

On June 5, 1920, the Congress enacted a statute covering similar matters where the decedent was engaged in foreign commerce. This is found in section 688 of title 46 of the United States Code and is alternately referred to as the Jones Act and the Merchant Marine Act. The pertinent portion of this statute reads: "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

The latter enactment obviously incorporates the former by reference.

It has been the uniform determination of the United States Supreme Court that by reason of the authority granted to Congress in article 1 of the Federal Constitution, the Federal enactments supersede those of the several States in respect to all death injuries

in employments connected with interstate and foreign commerce. In *Second Employers' Liability Cases* (223 U. S. 1) it was said by the court (at p. 55) that Congress having acted, " the laws of the States, in so far as they cover the same field, are superseded, for necessarily that which is not supreme must yield to that which is."

Similar determinations have been made in many other cases, among which *Missouri, Kansas & Texas Railway* v. *Wulf* (226 U. S. 570, 576) and *Taylor* v. *Taylor* (232 id. 363, 370) may be noted.

Similarly, the exclusive applicability of the Federal statute in connection with injuries to seamen has, on several occasions, been affirmed by the United States Supreme Court (*Cunard Steamship Co.* v. *Mellon*, 262 U. S. 100, 124; *Southern Pacific Company* v. *Jensen*, 244 id. 205), and this rule has been followed without question by the courts of this State (*Lynott* v. *Great Lakes Transit Corp.*, 202 App. Div. 613, 619; affd., 234 N. Y. 626).

In spite of the fact that the Merchant Marine Act (U. S. Code, tit. 46, § 688) in terms limits its applicability to " seamen," it has nevertheless been extended to cover the occupation of stevedore. (*International Stevedoring Co.* v. *Haverty*, 272 U. S. 50; *Uravic* v. *Jarka Co.*, 282 id. 234, 238.)

The last-cited case is substantially on all fours with the circumstances surrounding this decedent.

It follows, therefore, that the only valid law giving any right of recovery for the death of the present decedent was the Federal Merchant Marine Act, and it must, therefore, result that the sums which will be received in extinguishment of that right are to be distributed in accordance with the law which created it. (*Engel* v. *Davenport*, 271 U. S. 33, 37; *Lynott* v. *Great Lakes Transit Corp.*, *supra; Collins* v. *Penn. R. R. Co.*, 163 App. Div. 452, 458.)

The manner in which such distribution is to be made has been stated by the Supreme Court of the United States in *Gulf, Colorado & Santa Fe Ry. Co.* v. *McGinnis* (228 U. S. 173, at p. 175) as follows: " In a series of cases lately decided by this court, the act in this aspect has been construed as intended only to compensate the surviving relatives of such a deceased employe for the actual pecuniary loss resulting to the particular person or persons for whose benefit an action is given. The recovery must therefore be limited to compensating those relatives for whose benefit the administrator sues as are shown to have sustained some pecuniary loss. *Michigan Central Railroad* v. *Vreeland*, 227 U. S. 59; *American Railroad* v. *Didricksen*, 227 U. S. 145."

The court continues (at p. 176): " The statutory action of an

administrator is not for the equal benefit of each of the surviving relatives for whose benefit the suit is brought. Though the judgment may be for a gross amount, the interest of each beneficiary must be measured by his or her individual pecuniary loss. That apportionment is for the jury to return. This will, of course, exclude any recovery in behalf of such as show no pecuniary loss."

The apportionment between the injured parties enjoined by the Federal rule may be made by the State courts (*Engel* v. *Davenport, supra; Lynott* v. *Great Lakes Transit Corp., supra*); and in a case like the present, by the surrogate as the trier of the facts. (*Matter of Barker*, 134 Misc. 833, 835.)

In order to determine the relative dependency of the various members of the decedent's family, it will be necessary that proof be adduced on that subject. The case may, therefore, be set down for hearing for this purpose in the usual manner.

Proceed accordingly.