In the Matter of the Estate of LEONELLO DE MARTINO, Deceased.*

Surrogate's Court, Kings County, February 24, 1932.

* See, also, 142 Misc. 431.

*Isidore Rivinson,* for the petitioner.

*Richard M. Cahoone,* special guardian.

*Kirlin, Campbell, Hickox, Keating & McGann,* for Rio Cape Line and others.

WINGATE, S. The hearing directed by the former opinion of the court in this proceeding (*Matter of De Martino,* 142 Misc. 431, 436), for the purpose of determining the relative dependency of the various members of decedent's family, has now been had, and from the evidence adduced it becomes the duty of the court to allocate to those demonstrating dependency their several portions of the fund available herein.

Extended discussion of the controlling principles applicable is unnecessary as they have been reviewed at length in *Matter of Uravic* (142 Misc. 775), decided herewith.

The pertinent evidence adduced leaves much to be desired, as it fails to show the dates of birth of decedent or of any of the children.

So far as relevant, the facts demonstrated indicate that decedent, who died on August 15, 1931, was survived by a widow and nine children whose names and ages are given as follows: Amelia De Martino, widow, age forty-eight years, six months; Adeline Gargano, married daughter, age twenty-four; Vincent De Martino, son, age twenty-two; Mary Credo, married daughter, age twenty-one; Lucy Fiorillo, married daughter, age nineteen; Pasquale De Martino, son, age sixteen; John De Martino, son, age fourteen; Carmela De Martino, daughter, age eleven; Leo De Martino, son, age nine; Paul De Martino, son, age five.

Decedent was a longshoreman earning thirty-five to forty dollars a week.

Based on American experience mortality tables, the expectancy of life of the widow at the time of the death was twenty-two years.

As noted in the *Uravic* opinion, there are presumptions that minor children are entitled to support during the continuance of their minority and, therefore, sustain compensatable loss by the wrongful death of their father, and that adult children are not so entitled. Nothing has been adduced in evidence in this case to

rebut either of these presumptions. On the other hand, it has been shown that three of the minor children of the decedent are the victims of disabilities which would tend to render them partially dependent after the termination of their respective minorities. These are Pasquale, who is partially crippled as a result of infantile paralysis; John, who is subject to epileptic fits, and Leo, who has lost three fingers from his right hand, thereby seriously handicapping him from earning a living since most machines are made to be operated by right-handed persons.

Were it not for the additional rights of these three infants by reason of their disabilities, the respective rights of recovery of the widow and the nine children which measure their participation in the sum presently distributable would be as follows: Amelia, entitled to support for twenty-two years; Adeline, no rights; Vincent, no rights; Mary, no rights; Lucy, entitled to support for two years; Pasquale, entitled to support for five years; John, entitled to support for seven years; Carmela, entitled to support for ten years; Leo, entitled to support for twelve years; Paul, entitled to support for sixteen years.

The extent of the increases to which the partially disabled children are entitled is, on the record, capable of little more than a rough approximation. Weighing their comparative infirmities, it is the opinion of the court that justice to all will be subserved by a determination that they should receive double the allowance to which they would otherwise have been entitled. This would increase Pasquale's period of dependency from five to ten years; that of John from seven to fourteen, and that of Leo from twelve to twenty-four.

The final result is to show that the widow and the five minor children who are shown to have suffered loss are, in the aggregate, entitled to support for ninety-eight years.

The percentages of the distributable recovery apportionable to each of the seven individuals are, therefore, as follows: Amelia De Martino, 22.45%; Lucy Fiorillo, 2.04%; Pasquale De Martino, 10.20%; John De Martino, 14.29%; Carmela De Martino, 10.20%; Leo De Martino, 24.49%; Paul De Martino, 16.33%.

The extremely moderate fee of the attorneys who handled the case and negotiated the recovery is approved.

Proceed accordingly.