In the Matter of the Estate of EDWARD R. PHILLIPS, Deceased.

Surrogate's Court, Queens County, April 26, 1932.

*Albert J. Hiers,* for the petitioner.

*David M. Wolff,* special guardian.

HETHERINGTON, S.   This proceeding purports to be one for the accounting and distribution of a fund realized from a settlement had for the negligent killing of the decedent.   The distribution of the fund is governed by sections 133 and 134 of the Decedent Estate Law (as added by Laws of 1920, chap. 919)* and section 252 of the Surrogate's Court Act, and not by the general rules applicable to the settlement of estates.   In a proceeding accounting for such a fund, it should appear that no other property has come into the hands of the administrator; that the reasonable expenses of the action  or settlement and the reasonable funeral expenses of the decedent have been paid, or if they have not been paid, the names of the parties who furnished them.   The papers here submitted are silent with respect to the expenses of the funeral and the settlement.   Proof must, therefore, be furnished with respect to the payment or non-payment of both of these items.

The administratrix has set off to herself, as the widow of decedent, and out of the fund, the sum of $300 as exempt property on the supposition that she was entitled to the same under section 200 of the Surrogate's Court Act.   Assuming the setoff to be proper, it could not exceed the sum of $150 as the decedent died prior to the time the statute was amended increasing the exemption to $300. However, in view of the nature of the fund and the law governing

* Section 133 was amd. by Laws of 1929, chap. 229.— [REP.

its distribution, no setoff of any amount can be allowed. Damages recovered or a fund received in settlement by reason of injuries resulting in death are not general assets of an estate of a deceased person in the hands of the executor or administrator and subject to their control, but are exclusively for the benefit of the decedent's husband or wife and next of kin. The proceeds or fund is not subject to the payment of decedent's debts, nor, as above stated, to the ordinary rules applicable to the settlement and administration of the estates of deceased persons. (*Stuber* v. *McEntee*, 142 N. Y. 200.) The exemptions provided for in the section cited are predicated upon the decedent dying possessed of property of the character specified therein. If there be any such, the title of the widow thereto becomes absolute on the death of her husband, not only as against creditors and next of kin, but as against legatees, subject only to the right of the administrator or executor to take possession of the property for the purpose of including and stating it in the inventory. (*Fox* v. *Burns*, 12 Barb. 677; *Voelckner* v. *Hudson*, 1 Sandf. 215; *Sheldon* v. *Bliss*, 8 N. Y. 31.) Here, neither the cause of action nor the proceeds realized therefrom form any part of the assets of the estate of the decedent. (*Stuber* v. *McEntee*, *supra*.) In the absence of other personal property the exemption claimed cannot be allowed.

The seven years' delay in accounting for the fund has resulted in the needless expenditure of funds for premiums on the bond of the administratrix, and the improper use of part of the infants' shares of the fund. No excuse is presented for the delay, and as the administratrix might have accounted immediately after the receipt of the fund (Surr. Ct. Act, § 252), the credits claimed for bond premiums over and above the initial one of $25 cannot be allowed, and she will accordingly be surcharged with the difference of $150. If the fund had been promptly accounted for, the respective shares of the infants would have been ordered paid to their guardians, after which their funds could have been resorted to and applied under the direction of the surrogate. Here the administratrix, instead of pursuing the course just outlined, has used, without an order of the surrogate, part of the distributive shares of the infants. The items claimed to have been so expended, amounting to $799.01, cannot be allowed without oral proof as to their reasonableness and the necessity therefor. I will, therefore, set this matter down for a hearing for that purpose on Thursday, May 5, 1932, at ten A. M. Proceed accordingly.