In the Matter of the Estate of EDSON J. BREWSTER, Deceased.

Surrogate's Court, Orange County, March 5, 1934.

*Stephen W. Zeh*, for the administratrix.

*Samuel M. Cuddeback*, special guardian.

TAYLOR, S.  Despite the volumes of reports of decisions which are being constantly issued, there are questions presented daily upon which no " directly to the point " and controlling authority can be found.  In this case, neither the research of counsel, nor my own efforts, has brought to light a case on all fours, although the question here presented must of necessity have arisen in innumerable instances.  Perhaps it is so simple that no one has thought it should be presented to a court for decision.  The special guardian here, as is his duty, submits the problem for determination.

The general estate is small.  The decedent met his death in a railroad accident, and in an action under the Federal Employers' Liability Act (U. S. Code, tit. 45, §§ 51–59) his administratrix was awarded the sum of $10,000.  In this accounting the special guardian presents the very interesting question of whether the representative is entitled to commissions on this sum, because, as he very properly states, this amount is no part of the estate proper, its distribution being governed entirely by the Federal act, and being solely " for the benefit of the surviving widow or husband and children of such employee." (§ 51.) (*Matter of DeMartino*, 142 Misc. 431; *Collins* v. *Pennsylvania Railroad Co.*, 163 App. Div. 452; *Matter of Phillips*, 143 Misc. 824; *Stuber* v. *McEntee*, 142 N. Y. 200; *Matter of Procopio*, 149 Misc. 347; Dodge Estate Administration & Accounting, 91.)

The special guardian further contends that this fund is not subject to the payment of funeral expenses, although that question is not here directly presented, for there is a small general estate, but in the absence of any general estate the courts might hold otherwise.  (Cf. *Matter of Neville*, 147 Misc. 171; *Matter of Procopio*, 149 id. 347.)

If the Federal statute is silent on the question of commissions we may have resort to the State or local law.

In *Michigan Central Railroad Co.* v. *Vreeland* (227 U. S. 59)

it was said that "by this Act Congress has undertaken to cover the subject of the liability of railroad companies to their employees injured while engaged in interstate commerce. This exertion of a power must supersede all legislation *over the same subject* by the states." It was further held in this case that survival of a cause of action is not a matter of procedure, but one which depends on the substance of the cause of action.

In *Dickinson* v. *Stiles* (246 U. S. 631) the application of the State law with respect to an attorney's lien in connection with an action under the Federal act was involved, and the Supreme Court in that case said, "cases that declare that the acts of Congress supersede all State legislation on the subject of the liability of railroad companies to their employees have nothing to do with the matter. The Minnesota statute does not meddle with that. It affects neither the amount recovered nor the persons by whom it was recovered, nor again the principles of distribution. *It deals only with a necessary expense of recovery.* Congress cannot have contemplated that the claims to which its action gave rise or power would be paid in all cases without litigation, or that suits would be tried by lawyers for nothing, yet it does not regulate attorney's fees. It contemplated suits in state courts and accepted state procedure in advance. [Citations.] We see no reason why it should be supposed to have excluded ordinary incidents of state procedure."

Actions under the Federal Employers' Liability Act in State courts are subject to procedural statutes in allowing non-unanimous verdicts. (*Minneapolis & St. Louis Railroad Co.* v. *Bombolis*, 241 U. S. 211; *Louisville & Nashville Railroad Co.* v. *Stewart*, Id. 261.)

Due process of law is not denied by the allowance of reasonable attorney's fee in a case under a Federal statute. (*Missouri, Kansas & Texas R. R. Co.* v. *Harris*, 234 U. S. 412.)

An employee's right to recover against his employer depends upon the acts of Congress, if there be such acts applicable in the particular circumstances, to which all State legislation "*affecting the subject matter* must yield." (*Spokane & Inland R. R.* v. *Campbell*, 241 U. S. 497.)

The Federal statute expressly provides that a common carrier by railroad while engaged in interstate commerce shall be liable in damages to the injured person "or in case of the death of such employee to his or her personal representative." It is, therefore, clear that the claim shall be made by the representative and not by the individuals pecuniarily damaged, and the action must be in the name of the representative and not the individuals (*Troxell* v. *Delaware, L. & W. R. R. Co.*, 227 U. S. 434; *St. Louis, San Fran-*

*cisco & Texas R. R. Co.* v. *Seale,* 229 id. 156; *American R. R. Co.* v. *Birch,* 224 id. 547); but the same law is noticeably silent in respect to the representatives, whether the letters of administration be general or limited, the amount of the bond, if any, the manner of accounting and the representative's compensation, and since these questions are not governed by Federal law the State statutes in so far as they do not conflict control. (*St. Louis, Iron Mountain & Southern R. R. Co.* v. *Hesterly,* 228 U. S. 702; *Western Fuel Co.* v. *Garcia,* 257 id. 233, 243; *The Lindseed King,* 285 id. 502, 513.)

In the *Hesterly* case it was said that " it now is decided that the act of Congress supersedes state laws in the matter with which it deals." Again, the United States statute does not provide the express manner of distribution other than that it is for the benefit of the surviving widow or husband and children; and the State courts have in many cases made the apportionment. (*Matter of Barker,* 134 Misc. 833; *Matter of DeMartino,* 142 id. 431, 436; *Matter of Gilbride,* 140 id. 797.)

Holding that the details attending the distribution of the sum recovered is governed by the State statute, reference is now made to section 133 of the Decedent Estate Law and section 252 of the Surrogate's Court Act. The former statute provides that in the distribution of sums received in settlement of death actions " the reasonable expenses of the action or settlement, the reasonable funeral expenses of the decedent and the commission of the plaintiff, or representative, upon the residue may be fixed by the surrogate * * * upon the judicial settlement of the account of the plaintiff, or representative, and may be deducted from the recovery."

The Federal statute creating the cause of action under which recovery was had being substantive in character, silent as to the manner of distribution of the sum recovered and expenses incidental thereto, it is concluded that the State statutes in this respect govern, and commissions will be allowed the administratrix upon the amount to be received by her, less the reasonable expenses of the action.

Decree may be settled on two days' notice or by consent.