## Walker's Estate. No. 2

Before Trimble, P. J., Boyle and Cox, JJ.

*John M. Reed,* for exceptant.

*John W. Cost,* contra.

Cox, J., for the court in banc, August 20, 1946.— This matter came before the court in banc on exceptions filed by Zada Miller Walker, individually and as administratrix of the estate of the above named decedent, to the decree distributing a sum of money obtained by her as administratrix in the settlement of a claim arising under the provisions of the Federal Employers' Liability Act: Walker's Estate (No. 1), supra.

The facts are fully covered in the opinion of the hearing judge and will be only briefly summarized by us.

Cecil James Walker, an employe of the Pennsylvania Railroad Company, was killed in an accident during the course of his employment, leaving to survive him a wife and a minor daughter by a prior marriage.

The widow, Zada Miller Walker, was appointed administratrix of the estate of Cecil James Walker by the register of wills of this county. The Potter Title and Trust Company was appointed guardian of the estate of the minor child, Audrey Maycelle Walker, by this court.

Counsel for administratrix and counsel for guardian of the estate of the minor daughter agreed to a total settlement of $18,000 with the Pennsylvania Railroad Company, of which sum $14,500 was to be paid to the administratrix-widow, and $3,500 to the guardian of the minor child. Of the $3,500 to be allocated to the child, counsel fees of $1,000 were to be paid to the attorney for the guardian, and from this sum he was to pay the small court costs incident to the appointment of her guardian. Relying on this agreement, counsel for administratrix effected a settlement with the Pennsylvania Railroad Company for $18,000, and administratrix gave the railroad company a release and received the settlement fund. This settlement was made without the consent of this court and without suit being brought. Counsel for administratrix then presented a check for $3,500 to the guardian, with releases to be signed by the guardian in favor of administratrix. The guardian refused to execute the releases unless an order of the court was first obtained ratifying the settlement and decreeing distribution.

Administratrix presented a petition to this court, setting forth in detail the pertinent information relative to the settlement, and requesting this court to make distribution of the fund. The prayer of the petition is as follows:

"Wherefore, your petitioner prays your honorable court to direct distribution of the sum of $18,000 received by petitioner between petitioner and the Potter Title and Trust Company, guardian of the estate of Audrey Maycelle Walker, minor daughter of decedent, in such manner as it shall deem just and proper.

"And she will ever pray."

The attorney for guardian executed a paper which is titled Certificate of Counsel, and which was attached to the petition. It is as follows:

"I hereby certify that I have examined the foregoing petition and believe that the allegations contained therein are true and correct and that the suggested distribution of the proceeds of said settlement is fair and equitable."

Subsequent to a hearing, and in conformity with the prayer of the petition, the hearing judge decreed distribution of the funds in accordance with the following schedule of distribution:

```
"Amount in hands of petitioner ......... $18,000.00
 Amount for distribution ..............   18,000.00
 To John M. Reed, attorney's
    fee and costs ............    $505.50
 To  Zada  Miller  Walker,
    widow,  ...............   10,124.50
 To Potter Title & Trust Com-
    pany, guardian of Estate of
    Audrey  Maycelle  Walker,
    minor,  ................    7,370.00
                                _____
                                $18,000.00"
```

Counsel for administratrix has filed nine exceptions to the decree of the hearing judge. Exceptions 6 and 7 raise a problem of jurisdiction and are as follows:

"6. The court erred in failing to distribute in accordance with agreement made by John W. Cost, counsel for guardian, pursuant to which settlement was accepted by administratrix.

"7. The court erred in failing to hold that it was without jurisdiction to award distribution except in accordance with agreement of counsel for Guardian pursuant to which settlement was made."

The effect of these exceptions would be to deny to this court any right to control the manner in which administratrix carried out her duties, and would bind this court to distribute the sum realized by her from the settlement in a proportion previously determined

by her, regardless of any determination the court might make of the improvidence of the settlement or the incorrectness or unfairness of the distribution advocated by administratrix. The practical effect of these exceptions is a denial of any jurisdiction in this court.

Aside from the legal question as to the jurisdiction of this court, the position of counsel for administratrix is a unique one. Of his own volition he petitioned this court to distribute the funds. Although he set forth fully in his petition all the facts relative to the agreement between counsel covering the distribution of the fund to the persons entitled thereto, the prayer of his petition makes the matter of deciding the amounts to be distributed to the widow and minor child entirely the duty of this court. He in fact acknowledged the authority of this court to review the manner in which administratrix performed the duties of her office, and to make distribution contrary to the proposed plan if the court believed it to be incorrect or improvident, but now by his exceptions he denies this authority.

The question of jurisdiction is important, and in our research we have not been able to find any decision of the appellate courts of this Commonwealth wherein the exact problem raised in this case has been decided. We will discuss at length, therefore, our views on this matter.

The Congress of the United States, under the authority of the commerce clause of the Constitution of the United States enacted the Federal Employers' Liability Act of April 22, 1908, 35 Stat. at L. 65, as amended by the Act of August 11, 1939, 53 Stat. at L. 1404. This statute provides, inter alia, that on the death of an employe during the course of his employment in interstate commerce, the railroad will be liable to his personal representative for the benefit of his surviving widow and children.

In Michigan Central Railroad Co. v. Vreeland, 227 U. S. 59, 66, it was said that "by this act Congress has undertaken to cover the subject of the liability of railroad companies to their employees injured while engaged in interstate commerce. This exertion of a power . . . must supersede all legislation over the same subject by the States".

The statute is noticeably silent in respect to the appointment of the personal representative, the supervision of the performance of his duties, and the distribution of the fund realized by him from the settlement. The decisional law of the United States courts and courts of other jurisdictions has established the principle that, since these matters are not covered by the Federal statute, the State statutes, insofar as they do not conflict, control.

The test to be applied in determining the legal applicability of the State law is now firmly established. If the matter goes to the substance of the power of Congress in creating the liability, the State law cannot apply. If it does not go to the substance of the power, but is procedural and goes to the detail of carrying out the act, concerning which the act is silent, the provisions of the State law are applicable.

Administratrix in this case was appointed by the register of wills of this county in accordance with the provisions of our State statutes. She sought appointment in conformity with the requirements of the Federal Employers' Liability Act, which confer on the personal representative the exclusive right to enforce the right created by the statute. The Federal statute does not provide for appointment of a personal representative by any Federal agency. We have found no Federal statute which creates in any Federal agency the right to appoint the personal representative necessary under the Federal Employers' Liability Act, control the manner in which the personal representative

carries out his duties, or to distribute the fund to the persons entitled thereto.

If administratrix is correct and this court does not have jurisdiction over these matters, a personal representative would be subject to no supervision or control. It is unnecessary to discuss the danger inherent in such a situation.

The silence of the Federal Employers' Liability Act, however, cannot be interpreted as a failure to provide the proper safeguards. It is to be construed rather as an intent that the State laws should control and that the personal representative should be amenable to all the laws of the State from which he secures his appointment, providing those laws do not conflict with the Federal statutes. This construction meets the requirements of the test herein enumerated. The laws of Pennsylvania relating to the control, removal, or discharge of personal representatives make no change in and do not conflict with the substance of the power creating the right. They are procedural only, and relate to the manner in which the personal representative shall carry out the duties required of him by the act of Congress. We hold, therefore, that the acts of the legislature of this Commonwealth are applicable to the matters to be determined herein.

In support of the position of administratrix, counsel has argued that the fund is not an asset of the estate of decedent; that the fund is not liable for the debts of decedent; and that administratrix holds the fund as trustee for the persons who are entitled to it under the provisions of the act, and not in her capacity as administratrix.

We agree that this fund is impressed with a trust in favor of the persons entitled to the benefits under the Federal statute and is not liable for the debts of decedent. We do not agree, however, that this fact effects a transmutation which frees her from the regulatory provisions which the laws of this State have

placed around an administratrix for the protection of the funds which she has in her custody.

The legislature of Pennsylvania has conferred jurisdiction on this court in the control, removal, and discharge of executors and administrators by the Orphans' Court Act of June 7, 1917, P. L. 363, in section 9, pars. (d), (e), and (n), which read as follows:

"Section 9. The jurisdiction of the several orphans' courts, whether separate or otherwise, shall extend to and embrace:—

"(d) The control, removal, and discharge of executors and administrators deriving their authority from the register of the respective county, and the settlement of their accounts;

"(e) The distribution of the assets and surplusage of the estates of decedents among creditors and others interested;

"(n) The exercise of all other powers needful to the doing of anything which is or may be hereafter required or permitted to be done in said court, whether incidental to the powers hereinbefore enumerated or in addition thereto."

Miller, P. J., speaking for this court in Kovac's Estate, 73 Pitts. L. J. 42, 43, a case arising out of the Federal Employers' Liability Act, and involving the question of jurisdiction of this court, said:

"The foregoing language unquestionably confers jurisdiction upon this Court to control the acts of all administrators and executors; it may remove them or discharge them for cause; from which it necessarily follows, that this Court, irrespective of the special character of the fund, can, and ought to, refuse the discharge of the administratrix and her surety, until it be shown that she has not abused the power conferred upon her, that she has performed her duties faithfully, and that she has not appropriated to her own use any part of the fund which belongs to her

minor children, under the language of the Federal Employers Liability Act.

"The jurisdiction in this Court, as summarized in Sec. 9, of the Orphans' Court Act, and the many subdivisions thereunder, is expressed in general terms, and when any general subject of jurisdiction is applicable, as, in this case, the control, removal and discharge of the administratrix, then the jurisdiction extends to anything necessarily connected with due administration, more fully expressed in Sec. 9, par. (n), of said Act, providing as follows: 'The exercise of all other powers needful to the doing of anything which is, or may be hereafter required or permitted to be done in said Court, whether incidental to the powers hereinbefore enumerated or in addition thereto.'

"Stress was laid at the argument, by counsel for the exceptant, upon the limited jurisdiction of this Court. Granted, that its jurisdiction is statutory and is defined in Sec. 9, the general powers and general terms therein used have been construed, and must be construed, liberally. Since the Court has the power to control, remove and discharge its fiduciaries, who derive their authority from the Register, this jurisdiction once attaching, it has power to determine every incidental question; it has no need to call in the aid of a Court of law; Hawkins' Orphans' Ct. Prac., Sec. 199, citing a bead roll of cases to that effect, in many of which appears the general expression, that general jurisdiction having attached, every incidental question embraced within the entire orb or circumstance of the case in all its ramifications is within its jurisdiction and must be passed upon by it."

In Kovac's Estate, supra, a widow, administratrix, entered suit and obtained a recovery by settlement. She filed her account as administratrix, charging herself with the amount recovered, and claimed credit

for the payment thereof from herself, as administratrix, to herself as widow. The auditing judge refused to allow the credit, and entered a decree awarding to her one third of the amount and the balance to a guardian to be appointed for the three minor children. Counsel for widow-administratrix contended that the court had no jurisdiction over the fund and that the decree entered was erroneous. The question of the jurisdiction of this court in the Kovac case, as in this case, was the point at issue.

In dismissing the exceptions in Kovac's Estate, supra, the lower court said in its opinion (p. 46):

"We recognize the importance of a definite conclusion touching this and similar cases. It is the special province of this Court to ascertain and protect the interests of minors and others within its jurisdiction. The practice followed in this case, and, it appears, from the remarks of counsel at the argument, followed very generally, is to raise an administration with a wholly inadequate bond, for the purpose of settlement of damage cases of this kind, as a result of which no accounting is made, no interests of dependents are provided for, no protection afforded those who are entitled to participate in the benefits which the Act of Congress provides; this is wholly indefensible, and should not prevail.

"Since the Federal Statute directs that the personal representative alone shall act for the parties mentioned in the statute, who are entitled to participate in a fund, and since such personal representative can only be raised in the Register's Office, and thereafter become subject to the control and direction of this Court, reason and authority amply warrant the assertion of jurisdiction, not only over the acts of the fiduciary, but, also, in the distribution of the fund."

We hold, therefore, that this court had jurisdiction to decree distribution of the fund in the hands of administratrix, realized by her settlement of the rights

of herself as widow and of the minor child arising under the provisions of the Federal Employers' Liability Act.

In accord with our opinion are many decisions of Federal and State courts, of which we cite the following: Seaboard Airline Railway v. Kenney, Admr., 240 U. S. 489; Kleckner v. Lehigh Valley R. Co., 36 F. Supp. 600; Haidacker v. Central R. Co. of N. J. et al., 52 F. Supp. 713; In re Brewster's Estate, 150 Misc. 661, 270 N. Y. Supp. 50.

We find no merit in the argument of counsel that the settlement figure and the distribution thereof to the widow and guardian of the estate of the minor child as agreed to by counsel for administratrix and counsel for guardian is binding on this court. Counsel by agreement could in no way deprive this court of jurisdiction.

The ninth exception filed by administratrix-widow is as follows:

"9. The court erred in taking into consideration the ability of the widow to support herself."

The hearing judge, in explaining the method by which he arrived at his distribution schedule, took into consideration the special training of the widow in determining her pecuniary loss occasioned by the death of her husband. This, perhaps, is error. We have carefully considered all the circumstances surrounding decedent, the widow, and the minor child. We are satisfied that that part of the settlement made by administratrix-widow for the minor child was improvident and unjust, and resulted from an incorrect understanding of the proper principles to be applied in ascertaining the pecuniary loss of the minor child. The hearing judge correctly applied the law to the facts in determining the pecuniary loss of the minor child. The sum decreed to the minor child is fully warranted by the facts and circumstances, and in our opinion is moderate and not excessive. The consideration by the

hearing judge of the special training of the widow is, therefore, not reflected in the amount decreed to her.

Administratrix-widow controlled the settlement, and if, because of her failure to properly determine the pecuniary loss of the child, the settlement fund secured by her is insufficient to completely assure the full benefit of the Federal Employers' Liability Act for both herself and the minor child, the child must not be permitted to suffer.

The other assignments of error are covered in this opinion and are without merit.

The exceptions will be dismissed.