In the Matter of the Accounting of ARTHUR REISS et al., as Executors of HERMANN REISS, Deceased.

Surrogate's Court, Kings County, October 7, 1952.

*Albert Reiss* for Arthur Reiss and another, as executors of Hermann Reiss, deceased.

*Isaac Sargent* and *Maurice Kozinn* for Dora R. Reiss, individually and as executrix of Hermann Reiss, deceased.

RUBENSTEIN, S. The court is required to pass on a proposed decree, amendments submitted thereto and an affidavit purporting to amend the filed account.

On July 29, 1952, the court made its determination concerning the validity of the widow's claim to a one-fifth share of the net proceeds of insurance policies on testator's life in force at the time of his death. The determination stated, in part: " The widow shall receive one-fifth of the insurance policies and one-fifth of the residuary estate."

At the time of this determination, the account of proceedings filed by Arthur Reiss and Theodore Reiss on February 14, 1952, contained an entry in Schedule " A ": " 1950 — Dec. 8. Received of Aetna Life Insurance Co. Life Insurance Policies Nos. N-440112 and N-780094 — $50,000." The court in making its determination based its finding on the policies and total amount of insurance as reflected in the submitted account.

Schedule " D " of the said account under the entry bearing date December 8, 1950, indicated payment of a promissory note of decedent and accrued interest therein — $20,283.21.

This latter entry is a correct one. The direct security for the indebtedness was the promise of the testator to pay; the primary obligation was the promise contained in the note. It follows, therefore, that the primary fund from which the note should be paid is his estate (*Chamberlin* v. *First Trust & Deposit Co.*, 172 Misc. 472; *Matter of Cummings*, 200 Misc. 467, and cases cited therein).

It was wholly improper to submit a supplemental account without appropriate reference therein to the testator's bank loan and without reflecting the proceeds actually received from the Aetna Life Insurance Company. The decree herein must be entered on the basis of the figures submitted in the original account.

The widow's exemption is no part of the estate and must be set forth as property vesting in her immediately on her husband's death (*Matter of Phillips,* 143 Misc. 824; *Matter of Macneal,* 174 Misc. 947; *Matter of Lorch,* 33 N. Y. S. 2d 157, 169).

With respect to the claim for interest, the executors could not safely pay the amount allowed the widow herein until her claim had been determined, particularly since the widow was one of the acting executors. The failure to pay the widow the amount determined was not occasioned by the neglect of the fiduciaries. Generally, this court in the allowance of interest is bound to act under principles of equity (1 Pomeroy on Equity Jurisprudence [4th ed.], § 59, p. 64). One of these is that interest is to be charged in the degree and at the rate equitable in the circumstances of the particular case (*Woerz* v. *Schumacher,* 161 N. Y. 530, 536; *Blun* v. *Mayer,* 189 N. Y. 153, 158; *Tuzzeo* v. *American Bonding Co.,* 226 N. Y. 171, 179). Interest, therefore, will be allowed only at the average rate earned by the estate assets.

Submit corrected decree in accordance herewith.