George A. Brenner, S.
The administratrix will be authorized to compromise the cause of action for wrongful death for the amount proposed, and attorneys’ fees will be allowed in the amount requested.
The decedent died instantaneously as the result of an automobile collision which occurred in the Commonwealth of Pennsylvania. Since the proceeds of an action for wrongful death are distributable in accordance with the laws of the jurisdiction under which the cause of action arose (Gulf, Colorado Ry. Co. v. McGinnis, 228 U. S. 173; Engel v. Davenport, 271 U. S. 33; Lynott v. Great Lakes Tr. Corp., 202 App. Div. 613, affd. 234 N. Y. 626; Matter of Uravic, 142 Misc. 775; Matter of De Martino, 142 Misc. 431), the proceeds of the recovery are here distributable pursuant to the laws of Pennsylvania.
Proof submitted as to the statutes of Pennsylania stated to be applicable provides for the survival of actions for wrongful death (20 Purdon’s Penna. Stats., § 320.601) maintainable by the widow of such deceased, or if there be no widow, by the personal representatives. (12 Purdon’s Penna. Stats., § 1601.) The persons entitled to recover damages for injuries resulting in death are limited to the surviving spouse, children or parents of the decedent, to be distributed as in intestacy. (12 Purdon’s Penna. Stats., § 1602.) Where as here the decedent is survived by a spouse and by two children, the surviving spouse is entitled *34 to one third of the proceeds of such recovery and each of the surviving children is entitled to one third of such recovery (20 Pur don’s Penna. Stats., §§ 1.2, 1.3) in the absence of a finding that any of such parties failed to sustain a pecuniary loss. In actions for wrongful death expenses incurred for medical and nursing care, as well as reasonable funeral expenses, are recoverable as damages. (12 Pardon’s Penna. Stats., § 1604.)
It appearing that the expenses incurred for funeral expenses are reasonable, the claim for reimbursement of the amount so paid is allowed. In the absence of any basis for a finding that any of the persons who would otherwise be entitled to share failed to sustain a pecuniary loss, the net proceeds of said recovery are distributable equally between the widow and the two surviving children of decedent.
Settle decree on notice accordingly, providing for payment by the defendants or its carrier of the proceeds of such compromise direct to the persons entitled as hereinabove determined.